[No. 5076-9-III.   Division Three.   May 31, 1983.]

THE STATE OF WASHINGTON, *Respondent,* v. DANIEL
J. HOVLAND, *Appellant.*

*Scot D. Stuart,* for appellant.

*Douglas S. Boole, Prosecuting Attorney,* for respondent.

MUNSON, J.—Daniel J. Hovland contends his speedy trial rights as established by the juvenile court rules were violated. We affirm.

The following sequence of events provides the necessary facts:

1. Mr. Hovland, age 17, was arrested at approximately 11 p.m., Saturday, October 17, 1981, for second degree assault while armed with a deadly weapon. Mr. Hovland pointed a sawed-off shotgun at another youth and pulled the trigger three times. Fortunately for both people, the shotgun did not fire.

2. An information was filed Wednesday, October 21, 1981, charging Mr. Hovland with assault in the second degree while armed with a deadly weapon. JuCR 7.1.

3. A detention hearing was held Tuesday, October 27, 1981. JuCR 7.3(a).[1] The court ordered Mr. Hovland released subject to conditions. Mr. Hovland was represented by retained counsel. The parties discussed when to hold the decline hearing; the State wanted to hold it within the 14–day period required by JuCR 8.1(b). Mr. Hovland requested and received a continuance to November 16, 1981. The time interval to the detention hearing was 10 days from arrest and to the scheduled decline hearing 30 days from arrest.

4. Mr. Hovland received a second continuance to December 7, 1981, 51 days from arrest.

5. Mr. Hovland requested a third continuance to December 14, 1981, 58 days from arrest.

6. A decline hearing was held December 14, 1981. An order retaining the matter in juvenile court was issued January 16, 1982, 91 days from arrest.

7. On February 8, 1982, both the arraignment and the adjudicatory hearing were held, 114 days from arrest.

Prior to the arraignment, Mr. Hovland moved for dismissal with prejudice, arguing the arraignment was untimely. The trial court found the hearing was timely because continuances "required in the due administration of justice", JuCR 7.8(d)(2)(iii), are excluded. Okanogan County has only one superior court judge; because of Judge Kohls' absence due to health problems, judges from other counties were required to assist, creating scheduling difficulties.[2]

Mr. Hovland was convicted of second degree assault. On

---

[1]While Mr. Hovland moved to dismiss at the detention hearing because it was held a day late, this issue has not been raised on appeal.

[2]Scheduling was further complicated when Mr. Hovland exercised his statutory right to present an affidavit of prejudice against the Okanogan County Court Commissioner.

appeal, he contends the trial court erred in refusing to dismiss the information because of an untimely arraignment. Mr. Hovland contends a fair reading of the juvenile court rules indicates the latest date by which he should have been arraigned was the detention hearing. We disagree.

In *State v. Jacks*, 25 Wn. App. 141, 605 P.2d 363, *review denied*, 93 Wn.2d 1021 (1980), this court held that, where a decline hearing is required or requested, the juvenile court does not obtain jurisdiction over the juvenile for purposes of the speedy trial rule until after a decline order is entered. Under the analysis of *Jacks*, the earliest possible time Mr. Hovland's speedy trial period could have begun was January 16, 1982, the day the juvenile court issued the order retaining jurisdiction.

The holding in *Jacks* is reinforced by reference to CrR 3.3(c)(3). There, the time for arraignment in superior court does not begin until "after a juvenile court has declined jurisdiction, . . ." This indicates that regardless of how much time has passed prior to the decline order, the clock begins anew once the decline or retain order is entered.[3]

Further, *State v. Frazier*, 99 Wn.2d 180, 661 P.2d 126 (1983) (decided while this case was on appeal), although not directly related to speedy trial rights, supports this analysis. As in *Frazier*, the juvenile court here was required by RCW 13.40.110[4] to hold a decline hearing. In *Frazier*,

---

[3]We note that under JuCR 8.1(b), a decline hearing "shall be held within 14 days after the information is filed unless the time is extended by the court for good cause." This rule specifically applies the 14–day rule when the juvenile can be prosecuted for a felony. This language further emphasizes to this court that the rules are intended to encompass those situations where a juvenile court declines jurisdiction.

[4]RCW 13.40.110(1) states in pertinent part: "Unless waived by the court, the parties, and their counsel, a decline hearing shall be held where:

"(b) The respondent is *seventeen* years of age and the information alleges *assault in the second degree*, extortion in the first degree, indecent liberties, kidnaping in the second degree, rape in the second degree, or robbery in the second degree." (Italics ours.)

the court differentiated between an arraignment, CrR 4.1, and the right to enter a guilty plea. *Frazier* held they were separate; a plea could not be entered until after the decline hearing, allowing the court with jurisdiction to accept the plea.

At common law, an arraignment consisted of calling a prisoner by name, reading the indictment to him, demanding of him whether he be guilty or not guilty, and entering his plea. Black's Law Dictionary 139 (4th ed. 1968). As *Frazier* noted, CrR 4.1 does not include the requirement of entering a plea. CrR 3.3(c)(6) states, however:

> As used in CrR 3.3, "arraignment" means the date on which a plea is entered to the charge.

While this had no impact in *Frazier,* its statement, that a plea cannot be accepted until after the decline hearing, impacts here where our analysis of the term "arraignment" relates to speedy trial rights.

Since CrR 3.3 includes a plea as part of the arraignment process for speedy trial rights analysis, an arraignment here could not have occurred until after the juvenile court issued its order retaining jurisdiction on January 16, 1982. This order was issued 23 days prior to the arraignment and trial.

Now that a beginning point has been ascertained, the issue still remains whether Mr. Hovland's arraignment was untimely. JuCR 7.8(b) states a juvenile's adjudicatory hearing, "shall begin within 60 days following the juvenile's arraignment . . ." JuCR 7.6 states, "[t]he arraignment of an alleged juvenile offender is governed by CrR 4.1." CrR 4.1(a) states, "[p]romptly after the indictment or information has been filed, the defendant shall be arraigned thereon in open court." Although no case yet indicates that the outer limits of promptness are now defined by CrR 3.3, the language there relating to time of arraignment indicates a defendant "detained in jail or subjected to conditions of release" shall be arraigned not later than 14 days after the

date the information or indictment is filed directly in superior court. CrR 3.3(c)(1). CrR 3.3(c)(4) states that if a defendant is not timely arraigned, "the time for trial . . . shall commence on the last day the defendant could properly have been arraigned".

Similar provisions in the speedy trial rule should be construed similarly. *State v. Mack*, 89 Wn.2d 788, 576 P.2d 44 (1978); *State v. Lawley*, 32 Wn. App. 337, 647 P.2d 530 (1982); JuCR 1.4(b). We hold a juvenile must be arraigned within 14 days after the date the information or indictment is filed if the juvenile is detained in custody or subject to conditions of release. In cases where a decline hearing is required or requested, the day after the order retaining jurisdiction is entered is the time the computation of the 30- to 60-day time frame begins. By then, whether all the elements of an arraignment (name, counsel, reading of charge, and plea) are explicitly fulfilled, each element should have been dealt with in fact; no further arraignment time is necessary. The adjudicatory hearing pursuant to JuCR 7.8(b) must then be held within 30 or 60 days. Because Mr. Hovland's arraignment and trial occurred 23 days after jurisdiction was retained by the juvenile court, there is no violation of his speedy trial rights.

Even without the decline hearing, Mr. Hovland's arraignment was timely when the rules of CrR 3.3 are applied. Mr. Hovland acknowledges the continuances he requested must be subtracted from the total elapsed period. *State v. Kennison*, 25 Wn. App. 396, 607 P.2d 877 (1980). Subtracting 40 days given only to continuances, 74 days elapsed from *arrest* to adjudication. Starting from the day the *information* was filed (as CrR 3.3(c) requires), the State had until February 12, 1982 (the total of arraignment time, 14 days; adjudicatory time, 60 days; and continuances, 40 days; total 114 days), to arraign and adjudicate Mr. Hovland's offense. Since arraignment and adjudication occurred February 8, 1982, both were timely.

The trial court is affirmed.

ROE, C.J., and McINTURFF, J., concur.

Reconsideration denied June 24, 1983.

Review denied by Supreme Court September 2, 1983.