[No. 15179-7-I. Division One. May 12, 1986.]

THE STATE OF WASHINGTON, *Respondent,* v. ROBERT LEE ROYSTER, *Appellant.*

ments, having specifically stated through his counsel that he was "going to waive the 3.5 hearing for the record."

*Raymond H. Thoenig* of *Washington Appellate Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Linda Lau, Deputy,* for respondent.

COLEMAN, J.—On March 15, 1984, appellant Robert Royster was committed to the Division of Juvenile Rehabilitation (DJR) to serve a 2-year commitment. Appellant escaped from the DJR facility at Echo Glen on March 23, but was returned the same day. On March 30 he escaped again and was recaptured and booked into the King County Youth Services Center on investigation of first degree assault, second degree burglary, and first degree escape.

On April 4, 1984, appellant was charged by information with the above mentioned crimes, and the State moved for a decline of juvenile court jurisdiction. All parties agreed at a hearing on April 5 to schedule the decline hearing for April 19, 1984. Appellant requested a continuance of the decline hearing to May 23, 1984. The decline hearing was held May 24. At the conclusion of the decline hearing in which the court retained juvenile court jurisdiction over Royster, the State immediately arraigned appellant on the offenses charged in the information. Pleas of not guilty were entered and a trial date of July 12 was set.

The defense then requested that Royster be returned to Echo Glen pending trial. The State objected and the court ruled that for purposes of a pretrial hearing and the trial, he would remain at the King County Youth Services Center. The court found that he was likely to fail to appear for further proceedings because of his two escapes within 7 days from Echo Glen and that he was a threat to community safety based upon the nature of the pending charges.

The trial was set for July 12, 1984, and on July 6, the defense moved the court to dismiss the case for violation of JuCR 7.8, the speedy trial rule. The court denied the motion and ruled that appellant was not entitled to be tried within 30 days because of his DJR commitment.

The State subsequently requested a continuance of the trial (due to hospitalization of a witness) from July 12 to July 20, a date within the applicable 60–day rule. The court granted that motion.

On July 18, 2 days before trial, the State sought leave to file an amended information ex parte charging the appellant with first degree assault, second degree burglary, first degree escape, and second degree theft. On the day of trial, appellant moved the court to disallow the amended information on the ground that the amendment included a new charge. However, appellant's counsel admitted at that time that all facts required for charging the theft offense were known and available from the beginning of the case. Appellant's counsel also admitted that he had known of the State's intention to add the theft charge for approximately 1 week. The court denied the motion because there was no showing of any prejudice to appellant and because the facts supporting the theft charge were known from the outset of the case. Appellant did not request a continuance.

The State and appellant then stipulated to the submission of exhibits to be considered by the court as the factual evidence and basis for findings on the charges of second degree burglary, second degree theft, and second degree escape. Also, the court permitted the State to amend the first degree escape charge to *second degree* escape at the time of trial.

On July 24 the court found appellant guilty of second degree assault, second degree burglary, second degree theft, and second degree escape. This appeal followed.

ISSUE 1: Did the trial court err in denying the defense motion to dismiss for violation of the speedy trial rule, JuCR 7.8?

Appellant contends the trial court erred in denying his motion to dismiss because (1) he was "held in detention" for over 30 days before the adjudicatory hearing took place; (2) the court was required under JuCR 7.8 to hold an adjudicatory hearing within 30 days of his arraignment; and (3) therefore his speedy trial right was violated. Though appel-

lant concedes that the 30–day limit is not applicable if the defendant is released on the current charges and thereafter detained on other unrelated matters, he argues that since he was not released on the current charges, he was, for purposes of JuCR 7.8(b), "held in detention" for the current charges.

On the other hand, the State argues that, for purposes of determining whether the in–custody (30 days) or out–of–custody (60 days) speedy trial period applies, it does not matter whether the defendant is "held in detention" for current charges, unrelated prior charges, or both. According to the State, the relevant inquiry is whether the defendant would otherwise be "at liberty" in the legal sense.

As the State correctly points out, there are no reported cases in Washington dealing with the "held in detention" language contained in JuCR 7.8(b). However, cases interpreting similar language in former CrR 3.3(c) have held that the shorter speedy trial time period contained in that rule applies only when the defendant's pretrial detention is due solely to *current* charges, *i.e.*, the charges giving rise to the speedy trial challenge.[1] *State v. Brown*, 33 Wn. App. 843, 845–46, 658 P.2d 44 (1983); *State v. Nelson*, 26 Wn. App. 612, 616, 613 P.2d 1204 (1980); *State v. Worland*, 20 Wn. App. 559, 564, 582 P.2d 539 (1978).

The reasoning underlying this interpretation of the speedy trial rule is that a defendant detained both for current *and* unrelated charges is not prejudiced or deprived of liberty by a longer detention (*i.e.*, 60 instead of 30 days) on the current charges because he would not, due to the unrelated charges, be free in any event. *See State v. Keith*, 86 Wn.2d 229, 231–32, 543 P.2d 235 (1975). This reasoning is persuasive when considered in light of the basic purpose of the speedy trial rule which is to ensure that an unconvicted individual who is ineligible to obtain a pretrial release is

[1]It is well settled that "[s]imilar provisions in the speedy trial rule should be construed similarly." *State v. Hovland*, 34 Wn. App. 830, 834, 664 P.2d 524 (1983).

subject to minimum pretrial confinement. *United States v. Ewell*, 383 U.S. 116, 15 L. Ed. 2d 627, 86 S. Ct. 773 (1966). However, absent some potential deprivation resulting from the detention for current charges, this purpose is not served, and there is no reason to expedite the case within a shorter time period. Here, even if the court had released appellant on his own recognizance, he would have been returned to a DJR facility to serve out his 2–year sentence. Therefore, he was not "at liberty" and was not entitled to invoke the 30–day rule.[2]

ISSUE 2: Since the 60–day time period under JuCR 7.8 applies, when did the 60–day period commence running?

Appellant contends the trial court erred in refusing to dismiss the information because (1) he was not arraigned "promptly" after the information was filed; (2) the applicable date for computing his speedy trial time period was the date of the filing of the information; and (3) therefore the adjudicatory hearing was not held within 60 days as required.

Respondent argues, however, that since a juvenile court has no jurisdiction to arraign a defendant until a decline hearing has been held, the speedy arraignment and speedy trial time periods do not commence running until the day after the order retaining juvenile court jurisdiction is entered. This analysis is correct.

As the court noted in *State v. Hovland*, 34 Wn. App. 830, 833, 664 P.2d 524 (1983), when a decline hearing is requested or required, an arraignment cannot occur until

---

[2]Appellant relies on certain language in *State v. Christianson*, 17 Wn. App. 264, 266–67, 562 P.2d 671 (1977) in support of his position. In *Christianson*, the defendant had been released on the pending charge on his personal recognizance but remained in custody on a subsequent parole detainer. Appellant contends *Christianson* stands for the proposition that a defendant detained for current charges is entitled to the shorter speedy trial period regardless of whether he is also lawfully detained on unrelated charges or matters. However, as the trial court observed, the language in *Christianson* relied upon by appellant is dicta. More importantly, assuming arguendo that appellant's interpretation of *Christianson* is correct, the opinion is not persuasive considering the underlying purpose of the speedy trial rule.

the juvenile court issues an order retaining jurisdiction. On the day after such an order is issued, the 30– or 60–day speedy trial time period begins to run. *Hovland,* at 834. Thus, as long as arraignment and trial begin within either 30 or 60 days after the decline hearing, there is no violation of speedy trial rights.

It is undisputed in the instant case that appellant's arraignment and the decline hearing occurred on the same day. It is also undisputed that the trial commenced within 60 days after the decline hearing. Thus, there was no violation of appellant's speedy trial or prompt arraignment rights.

ISSUE 3: Did the failure to formally arraign appellant on counts 3 and 4 deny appellant his right to due process of law?

Appellant contends his right to due process was denied because (1) the court did not read counts 3 and 4 of the amended information to him, and (2) he did not receive a written copy of the amended information.

Respondent argues that because appellant had advanced notice of the amended charge in count 3, and because the amendment actually benefited him by reducing the degree of the earlier charge, there was no violation of due process. As to count 4, respondent points out that appellant (1) had advance notice of the facts supporting the charge, (2) stipulated to the facts supporting the charge, and (3) proceeded to trial on the charge. Therefore, appellant suffered no prejudice.

The relevant Washington cases hold that absence of arraignment amounts to a due process violation if the failure to arraign results in "failure to give the accused and his counsel sufficient notice and adequate opportunity to defend." *State v. Alferez,* 37 Wn. App. 508, 516, 681 P.2d 859 (1984). "An information may be amended without rearraignment if substantial rights of the defendant are not prejudiced or the amendment is one of form, not substance", *State v. Allyn,* 40 Wn. App. 27, 35, 696 P.2d 45 (1985), and "[t]he defendant bears the burden of showing

prejudice." *State v. Brisebois,* 39 Wn. App. 156, 162, 692 P.2d 842 (1984). Such amendments are addressed to the sound discretion of the trial court. *State v. Powell,* 34 Wn. App. 791, 664 P.2d 1 (1983); CrR 2.1(d).

In the instant case, appellant has failed to show how he was prejudiced by the amendments to the original information. *See Brisebois,* at 163. The reduction of the degree of the escape charge could not have significantly prejudiced appellant's defense since he was arraigned on first degree escape and was, therefore, on notice that he could be convicted of any lesser included offense. Indeed, the fact that appellant did not object to this amendment and did not request a continuance evidences a lack of prejudice. *See State v. Brown,* 74 Wn.2d 799, 801, 447 P.2d 82 (1968).

Likewise, with respect to the pretrial addition of the theft charge, the record clearly shows (1) that appellant's counsel knew 1 week prior to trial that the State intended to add the theft charge, (2) that the proposed amended information was filed 2 days prior to trial, (3) that appellant never requested a continuance, and (4) that appellant had notice of the facts supporting the theft from the outset of the matter. The first two points listed above establish that the addition of the theft charge came as no surprise to appellant. The third point evidences a "lack of surprise and prejudice" to appellant. *State v. Gosser,* 33 Wn. App. 428, 435, 656 P.2d 514 (1982). Finally, the fourth point shows that while the theft charge was arguably a new charge, it was based on facts known to appellant and was part and parcel of another charge, *i.e.,* the burglary charge. Therefore, appellant failed to show prejudice, and the trial court did not abuse its discretion in allowing the amendments.[3]

Appellant also contends he was denied due process because he never received a written copy of the amended

---

[3]It should be noted that appellant's reliance on *State v. Carr,* 97 Wn.2d 436, 645 P.2d 1098 (1982) is misplaced. The *Carr* court's reasoning was based on JCrR 4.10. Unlike the rule at issue here (CrR 2.1(d)), JCrR 4.10 prohibits amendments which add new offenses to a complaint.

information. *State v. Carr,* 97 Wn.2d 436, 645 P.2d 1098 (1982); JuCR 7.6(a). This argument is without merit.

■ A panel of this court recently held that a defendant's *failure to request* a copy of an amended information waives his or her right to receive such a copy. *Brisebois,* at 162. There is no indication in the record that appellant ever requested a copy of the amended information. Furthermore, as we have previously noted, the amendment was filed prior to trial, and appellant knew of the State's intention to file the amendment approximately 1 week before the trial commenced.

Issue 4: Were the trial court's findings in proper form and timely entered?

■ Appellant contends that under *State v. Commodore,* 38 Wn. App. 244, 250, 684 P.2d 1364 (1984), a trial court in a juvenile adjudication must enter written findings and conclusions within 30 days of the notice of appeal. However, *Commodore* only *suggests* filing within 30 days. Absent a showing of prejudice, delayed entry of findings of fact and conclusions of law is not grounds for reversal. *State v. McGary,* 37 Wn. App. 856, 861, 683 P.2d 1125 (1984).

Appellant also contends that where there is no indication in the record that the juvenile approved the court's findings or received a copy of them, the findings are not properly before the appellate court for review. However, by letter to this court in response to respondent's motion to supplement the record, the appellant has conceded that this argument is without merit.

Issue 5: Did the trial court commit reversible error in failing to enter a conclusion of law finding appellant guilty of second degree theft?

■ Though appellant is correct in pointing out that the court omitted a conclusion of law on the charge of second degree theft, both the order of disposition and the court's oral opinion establish that the court found appellant guilty of second degree theft. Therefore, the error was harmless.

Affirmed.

RINGOLD, A.C.J., and GROSSE, J., concur.