[No. 69140-1.   En Banc.]
Argued January 17, 2001.    Decided April 19, 2001.

THE STATE OF WASHINGTON, *Respondent*, v. BENJAMIN J. CHANDLER, *Petitioner*.

R.A. *Lewis* (of *Knapp, O'Dell & Lewis*), for petitioner.

*Bradley W. Andersen, Prosecuting Attorney*, and *Peter S. Banks, Deputy*, for respondent.

ALEXANDER, C.J. — Benjamin Chandler obtained review of a decision of the Court of Appeals, Division Two, affirming his Skamania County Juvenile Court conviction on a charge of indecent exposure. The only issue before us is whether Chandler's adjudicatory hearing occurred within the time frame required by Juvenile Court Rule (JuCR) 7.8(b). We reverse the Court of Appeals, concluding that because Chandler's adjudicatory hearing did not occur within 60 days of his true arraignment date, not counting time properly excluded pursuant to JuCR 7.8(d), Chandler's conviction must be reversed and the information dismissed.

## I. FACTS

By information filed in Skamania County Juvenile Court on February 9, 1998, the State of Washington charged Benjamin Chandler, then age 15, with one count of indecent exposure. Chandler's arraignment was initially scheduled for March 11, 1998, Skamania County's "Juvenile Day"[1] for the month of March 1998. Chandler did not appear in court on that date, however, because he had not been served with

---

[1] Skamania County is in a joint superior court judicial district with Klickitat County. Under the local court rules for the Klickitat/Skamania County Superior Court, the court hears juvenile matters on specified "Juvenile Days." The local rule provides that: "The Court will sit in Juvenile Court session regularly [in Skamania County] on the 1st Wednesday after the 2nd Monday of each month and such other days as set by the Court." Local Court Rule No. 1(I)(A)(2)(b).

notice to appear in court on that date.[2] Consequently, the trial court rescheduled Chandler's arraignment for April 15, 1998, the next regularly scheduled day that juvenile court matters would be heard in Skamania County.

Chandler, who was not in custody or subject to conditions of release, appeared on April 15 with his attorney and entered a plea of "[n]ot guilty" to the indecent exposure charge. Videotaped Proceedings (VP) (Apr. 15, 1998) at 3. Chandler's counsel also noted Chandler's objection to the date of his arraignment, claiming that it was untimely under JuCR 7.6(a) as interpreted by the Court of Appeals in *State v. Day*, 46 Wn. App. 882, 734 P.2d 491 (1987).[3] He, therefore, requested that the trial court set the date for Chandler's adjudicatory hearing on or before April 24, 1998, thus ensuring that the adjudicatory hearing would be within 60 days of the date on which Chandler should have been arraigned pursuant to JuCR 7.6(a). In that regard, counsel stated: "[W]e're formally requesting that the trial be conducted within 60 days of February 23rd, which is 14 days after the Information was filed." VP (Apr. 15, 1998) at 6.

The trial court indicated that it agreed with Chandler's counsel that the true arraignment date was February 23, 1998, a date that was 14 days following the date charges were filed against Chandler, and that, pursuant to JuCR 7.8(b), Chandler's adjudicatory hearing "shall begin within 60 days following the juvenile's arraignment in juvenile

---

[2] The trial judge concluded that "[the summons] apparently hasn't been served, so I guess Mr. Chandler wouldn't know to be here today." Videotaped Proceedings (VP) (Mar. 11, 1998) at 2.

[3] JuCR 7.6(a) provides that a "juvenile who *is* detained or subject to conditions of release must be arraigned within 14 days after the information or indictment is filed." (Emphasis added.) In the case of juveniles who *are not* detained or subject to conditions of release, Superior Court Criminal Rule (CrR) 4.1(a), which applies to juveniles by virtue of JuCR 7.6(a), states the applicable rule, providing: "*Promptly* after the indictment or information has been filed, the defendant shall be arraigned thereon in open court." (Emphasis added.) In *Day*, Division Three of the Court of Appeals held that "a prompt arraignment means an available juvenile defendant [who is not detained or subject to conditions of release after arrest] must be arraigned within 14 days after the information is filed." *Day*, 46 Wn. App. at 892.

court on the charges contained in the information." JuCR 7.8(b). It nevertheless denied Chandler's request to schedule the adjudicatory hearing date within that time frame, i.e., on or before April 24, 1998. It, instead, set Chandler's hearing for April 30, 1998, concluding that it was permissible for it to do so pursuant to JuCR 7.8(e)(3). That rule provides: "The court on its own motion may continue the case when required in the due administration of justice and the alleged juvenile offender will not be substantially prejudiced in the presentation of his or her defense." In support of its ruling, the trial court stated:

> For the record, Skamania County shares one judge with Klickitat County. I'm not in this county every week. We have certain dates that are set for hearing. The 24th of April, which is the date that's being requested by the Defendant, is not a date when I would be in this county. It's also a date that has other matters set in Klickitat County, which have to be heard.
>
> I'm finding that in the due course of administration of justice that there's good reason to set the matter outside of the time limits. And also I cannot find that the Defendant would be substantially prejudiced in having the matter set over. He's not going to be detained. The conditions of his release are rather innocuous, that all he has to do is stay out of trouble and keep in contact with his attorney and show up in court. So, he's not under any great imposition or—and his freedom's not being restricted to any great extent.

VP (Apr. 15, 1998) at 7-8.

Chandler's adjudicatory hearing was eventually held on May 29, 1998.[4] At that time, Chandler's counsel renewed his client's objection to the adjudicatory hearing not being held within 60 days of Chandler's true arraignment date as required by JuCR 7.8(b). At the conclusion of the hearing, the trial court found Chandler guilty of indecent exposure.

---

[4] Chandler's counsel had a scheduling conflict, which he claimed prevented him from being available on April 30, 1998. He, therefore, requested a continuance of the trial at the suggestion of the trial judge. The trial judge granted his request, and continued Chandler's hearing to May 29, 1998. Neither party asserts that the Court of Appeals erred in excluding the period from April 30 to May 29 in computing the time for Chandler's adjudicatory hearing.

It sentenced him to three months of community supervision and ordered him to perform 24 hours of community service work. It also fined Chandler $25 and required him to contribute $100 to the Victim's Assistance Fund. Chandler, thereafter, appealed his conviction to Division Two of the Court of Appeals. That court affirmed his conviction. Chandler then petitioned this court for discretionary review of the Court of Appeals' decision. We granted his petition.

## II. ANALYSIS

Chandler contends that his adjudicatory hearing was not held within the time frame provided in JuCR 7.8. He submits, therefore, that pursuant to JuCR 7.8(g) his conviction should be vacated and the information charging him with indecent exposure should be dismissed with prejudice.[5] The State does not dispute that "the time for conducting a fact finding hearing under the speedy trial rules expired on April 24th." Resp't's Answer to Pet. for Discretionary Review at 10. It asserts, rather, that "the court acted with sound discretion to set the case four judicial days later." *Id.* In support of this argument, the State cites to JuCR 7.8(e)(3), which, as indicated above, permits the juvenile court to "continue the case when required in the due administration of justice and the alleged juvenile offender will not be substantially prejudiced in the presentation of his or her defense." The State contends that because "[t]he trial court's decision to set the hearing beyond the expiration of the speedy trial period [was] in the 'due administration of justice,'" this is somehow an "exception"[6] to JuCR 7.8(g)'s rule that "[i]f the juvenile court violates the rules, the Information must be dismissed with prejudice." *Id.* at 9.

---

[5] JuCR 7.8(g) provides: "If the adjudicatory hearing on a juvenile offense is not held within the time limits in this rule, the information shall be dismissed with prejudice."

[6] Although the State characterizes JuCR 7.8(e)(3) as an "exception" to JuCR 7.8(g), it is actually a tolling provision. By virtue of JuCR 7.8(d)(3), the period of a continuance granted pursuant to JuCR 7.8(e)(3) is "excluded in computing the time for the adjudicatory hearing" under JuCR 7.8(b).

█ Both parties raise a number of arguments in support of their respective assertions that there was or was not "good cause" for granting a continuance of the adjudicatory hearing pursuant to JuCR 7.8(e)(3). We need not address these arguments because, in our judgment, JuCR 7.8(e)(3) has no application here because it only authorizes a trial court to *continue the case* after it has been set within the time frame set forth in JuCR 7.8(b). In the instant case, the trial court was not continuing an adjudicatory hearing that had been properly set within the time limits prescribed in that rule. It was, instead, initially *setting* Chandler's adjudicatory hearing for a date outside of the 60-day time frame of JuCR 7.8(b). The provisions of JuCR 7.8(e)(3) simply do not apply in these circumstances.

█ Because we have concluded that the trial court's action in initially setting the hearing date did not implicate JuCR 7.8(e)(3), the period of time from April 15, 1998, to April 30, 1998, was not properly excluded in computing the date by which Chandler's adjudicatory hearing must occur pursuant to JuCR 7.8(b). That being the case, it cannot be said that Chandler's adjudicatory hearing occurred within 60 days from the date of his true arraignment. His right to have his "adjudicatory hearing . . . begin within 60 days following [his] arraignment in juvenile court on the charges contained in the information[,]" as provided by JuCR 7.8(b), was, therefore, violated when the hearing was held after April 24. The charge against Chandler of indecent exposure must, therefore, be dismissed with prejudice pursuant to JuCR 7.8(g).

## III.  CONCLUSION

For reasons stated above, we conclude that Chandler's adjudicatory hearing did not occur within the time limits required by JuCR 7.8(b). In reaching this conclusion, we are not unmindful of the unique problems that confront a single superior court judge in a multicounty judicial district. A judge in such circumstances is not, however, without rem-

edies to mitigate those problems. The judge may seek to utilize the services of a visiting superior court judge, a judge pro tempore, or a court commissioner in order to meet the strict time requirements set forth in the Juvenile Court Rules. In the event that resort to those avenues of assistance are unavailing, a continuance of the adjudicatory hearing may be justified pursuant to JuCR 7.8(e), but only if the hearing was initially set within the time provided for in the Juvenile Court Rules.

We reverse the decision of the Court of Appeals and vacate Chandler's conviction and sentence. We remand to the Skamania County Juvenile Court to dismiss the charge against Chandler with prejudice pursuant to JuCR 7.8(g).

SMITH, JOHNSON, MADSEN, SANDERS, IRELAND, BRIDGE, CHAMBERS, and OWENS, JJ., concur.