[No. 22096–9–I.   Division One.   December 18, 1989.]

THE STATE OF WASHINGTON, *Respondent,* v. WALTER KIP JOHNSON, *Appellant.*

*David H. Gehrke,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Timothy Blood, Deputy,* for respondent.

FORREST, J.—Walter Kip Johnson appeals from the trial court's denial of his motion to dismiss the case against him because of an alleged violation of his right to a speedy trial under CrR 3.3. We affirm.

On July 9, 1987, appellant Walter Kip Johnson was arrested after a police officer stopped his car and discovered therein a gun that the officer knew to be stolen. On July 13, Johnson was charged with possession of stolen property in the second degree. Johnson was arraigned on July 14. On July 29, Johnson appeared in court for a scheduled omnibus hearing. The hearing was continued until August 12, at which time Johnson failed to appear and the court issued a bench warrant for his arrest.

On August 16, Johnson was arrested pursuant to the bench warrant. Johnson was not, at this time, brought before the omnibus court, but was released on bail. There is no evidence that Johnson was given notice to reappear. The return on the bench warrant was filed in the clerk's office on August 24. There is no showing or claim that a copy was served on the State, the omnibus hearing judge, or any superior court judge.

Another omnibus hearing was scheduled for August 18. Johnson failed to appear and the hearing was rescheduled for August 20. Johnson again failed to appear on August 20. There is no evidence in the record to indicate that Johnson was notified of either the August 18 or the August 20 hearing dates. Johnson contends that he did not receive notice of either date.

On December 15, nearly 5 months after Johnson's arraignment, another bench warrant was issued due to his failure to appear at the August 20 omnibus hearing. The record is silent as to why this warrant was not issued until December 15. On January 29, 1988, Johnson surrendered and appeared before the omnibus court. At no time

between August 12, 1987, and January 29, 1988, did Johnson or his attorney contact the court or the prosecutor in person or by mail to inform them of his whereabouts and readiness to proceed. At the omnibus hearing on January 29, Johnson moved for dismissal of the case based on a denial of his right to a speedy trial under CrR 3.3. The motion to dismiss was denied. A bench trial was held on stipulated evidence. Johnson was found guilty of possession of stolen property in the second degree. He appeals the denial of his motion to dismiss.

Johnson was arraigned on July 14, 1987, and was not held in custody after arraignment. Barring any intervening circumstances, a defendant who is not held in custody must be brought to trial within 90 days of arraignment. CrR 3.3(c)(1). However, Johnson failed to appear at a scheduled pretrial hearing on August 12, and this failure to appear stopped the 90 day speedy trial clock until such time as Johnson's presence was "made known to the court on the record". CrR 3.3(d)(2).[1] Thus, the issue in this case is whether Johnson's presence was "made known to the court on the record" on August 16, 1987, when he was arrested pursuant to a bench warrant and subsequently released on bail, or on January 29, 1988, when he appeared in open court.

The resolution of this case depends on the proper interpretation of CrR 3.3(d)(2). Applied literally, the rule would be dispositive of Johnson's claim because Johnson's presence was not made known to the court "on the record" until he appeared in open court on January 29, 1988. The filing of a document (the return on the bench warrant) in the

---

[1]"When a defendant who has already been arraigned fails to appear for any trial or pretrial proceeding at which the defendant's presence is required pursuant to rule 3.4, the defendant shall be brought to trial not later than 60 days after the date upon which the defendant is present in the county where the criminal charge is pending and the defendant's presence has been made known to the court on the record, if the defendant is thereafter detained in jail or not later than 90 days after such date if the defendant is not detained in jail whether or not the defendant is thereafter subjected to conditions of release."

clerk's office does not constitute being "made known to the court on the record".

Johnson relies on *State v. Striker*[2] and its progeny, which interpret and apply CrR 3.3 in the context of prearraignment delay in a variety of factual situations. None of these cases are helpful because they do not deal with the interpretation of CrR 3.3(d)(2). None of the *Striker* line of cases interpret the phrase "made known to the court on the record".

A more suggestive case is *State v. Day*,[3] which interprets the phrase, "is actually present in the county where the charge is pending, and his presence appears upon the record of the court" contained in JuCR 7.8(f).[4] After an absence in California, a juvenile offender returned to Yakima. Upon his return he contacted the detective in charge of the case and gave the detective his new Yakima address and telephone number. The court held this satisfied JuCR 7.8(f) because the knowledge of the detective was imputed to the court:

> The personnel of the court, the prosecutor's office and the police or sheriff's office must be treated as one entity when determining if there was knowledge of the defendant's whereabouts.

*Day,* at 894. As authority for this rather remarkable statement, the court cites *State v. Edwards*[5] and *State v. Carpenter.*[6]

---

[2]87 Wn.2d 870, 557 P.2d 847 (1976).

[3]46 Wn. App. 882, 894, 734 P.2d 491 (1987).

[4]"**Absence of Alleged Juvenile Offender.** In the event the alleged juvenile offender is absent from the court and thereby unavailable for the adjudicatory hearing or for any preliminary proceeding at which his or her presence is required, the time period specified in section (b) shall start to accrue anew when the alleged juvenile offender is actually present in the county where the the charge is pending, and his *presence appears upon the record of the court.*" (Italics ours.)

[5]94 Wn.2d 208, 213, 616 P.2d 620 (1980).

[6]94 Wn.2d 690, 694, 619 P.2d 697 (1980).

In *Edwards,* the court summarized the issue before that court as follows:

> This case considers whether the possibility of timely trial irrevocably "expires" if a preliminary hearing is not held within 100 days of defendant's arrest or whether the institution of charges in district court can "revive" charges that would *not* be timely if originally filed in superior court.

*Edwards,* at 210. The State argued that the prosecutor's charging discretion could not be limited by the police officer's decision to arrest. Not surprisingly, the court held that the State was bound by the arrest decision of the officer. This was not even an issue of imputing knowledge from the officer to the prosecutor, let alone the judge, but merely holding that the prosecutor was bound by the arrest date which started the speedy trial clock.

*State v. Carpenter, supra,* has equally little relevance. The issue there was whether 45 days between filing and arraignment violated the *Striker* rule. The court held that the knowledge of the police officers as to the location of the defendant was chargeable to the State and that the delay was excessive. *State v. Carpenter, supra* at 694.

Neither *Edwards* nor *Carpenter* deals with or discusses imputing knowledge from either the prosecutor or the law enforcement officers to *the judge.* Neither case deals with any language remotely comparable to being "known to the court on the record". No persuasive policy reason is suggested or appears in *Day* for invoking this sweeping doctrine of imputed knowledge from the officers to the judge.

The trial judge is responsible to insure a trial within the time limit set by the rules. CrR 3.3(a). The purpose of CrR 3.3(d)(2) is to insure that the judge has the information to discharge that responsibility. It insures that the trial judge is entitled to actually know when the defendant is available, and is entitled to have the knowledge "on the record", so the matter can not come into controversy later on. Since neither the cases cited nor policy supports the sweeping language of *Day,* we decline to extend it.

Comparing the precise language of the two rules: (1) "when the alleged juvenile offender is actually present in the county where the charge is pending, and his presence *appears upon the record of the court*", (italics ours), JuCR 7.8(f); and (2) "the defendant is present in the county where the criminal charge is pending and the defendant's presence has been *made known to the court on the record*", (italics ours), CrR 3.3(d)(2), it is clear that imputing knowledge from the police officers to the court is even less appropriate under CrR 3.3(d)(2) than under JuCR 7.8(f). While *Day* holds such imputed knowledge causes a defendant's presence to appear "upon the record of the court", we hold it is insufficient to make a defendant's presence "known to the court on the record".

CrR 3.3(d)(2) is carefully phrased and drafted by a court familiar with speedy trial problems. In our view, it means exactly what it says. When after arraignment a defendant absents himself and so prevents the case from proceeding, the speedy trial clock stops running until he again submits himself to the court. In the context of this rule, made known to the court means made known to the judge, not to a court file. Each such absence does not generate a fresh duty of "due diligence and good faith" to locate him and bring him back before the court, at the risk of dismissal with prejudice.[7]

Affirmed.

GROSSE, A.C.J., and WEBSTER, J., concur.

---

[7]*State v. Allen*, 36 Wn. App. 582, 585, 676 P.2d 501 (1983).