[No. 26612-8-I.    Division One.    January 21, 1992.]

THE STATE OF WASHINGTON, *Appellant*, v. RANDAL S. HACKETT, *Respondent*.

206

*Seth R. Dawson, Prosecuting Attorney,* and *Seth Aaron Fine, Deputy,* for appellant.

*Anthony Savage,* for respondent.

BAKER, J. — The State appeals from an order of dismissal for violation of the speedy trial rule. The issue presented is whether the speedy trial period is recommenced when defense counsel files and serves on the prosecutor a notice of appearance following a defendant's failure to appear for trial and his subsequent arrest on a bench warrant.

I

The facts are not disputed. The defendant was arraigned on a charge of attempting to elude a police vehicle on August 23, 1988. A criminal trial confirmation hearing was set for November 10, 1988, pursuant to former Snohomish County Local Criminal Rule 3.3(f) (SCLCrR).[1] A trial date was set for November 15, 1988.

The State filed an amended information on October 27, 1988. A new arraignment date on the amended information was set for October 31, 1988. Notice was sent to defendant's counsel. The defendant did not appear, and the court authorized issuance of a bench warrant.

---

[1]SCLCrR 3.3(f) was revised effective July 1, 1991.

The warrant was not issued at that time, however. Instead, the defendant was mailed a summons notifying him of a new arraignment date, and notice of the revised arraignment date was sent to defendant's counsel.

The defendant again failed to appear at the rescheduled arraignment and at the previously set trial confirmation hearing, at which his appearance was required by SCLCrR 3.4(a). The bench warrant issued on November 15, 1988, the date trial had previously been set.

The defendant was arrested nearly a year later. He was transported to King County, posted bail and was released. A return on the bench warrant was filed in the Snohomish County Clerk's office on October 2, 1989, but apparently no other notice was provided to the prosecutor or the court at that time.

On October 18, 1989, new defense counsel filed a notice of appearance. The notice was served on the prosecutor's office and filed with the Clerk of Snohomish County. The notice contained the following language:

> YOU, AND EACH OF YOU, will please take notice that the defendant, RANDALL [sic] S. HACKETT, hereby makes and enters his appearance in the above-entitled matter by and through his attorney, ANTHONY SAVAGE.
>
> All further papers and proceedings in this matter may be served upon the defendant by leaving a copy of the same with his attorney at this address at 615 Lyon Building, Seattle, Wa 98104.

Nothing further occurred until 7 months later when Hackett's counsel filed a motion to dismiss. The motion was granted on the basis that the filing of a general notice of appearance and service thereof upon the prosecutor commenced the speedy trial period within which the State had the obligation to reschedule the matter for trial.

## II

A defendant's failure to appear at a scheduled pretrial hearing stops the 60- or 90-day speedy trial clock set in motion under CrR 3.3(c)(1). The running of the speedy trial period remains stopped pursuant to CrR 3.3(d)(2) until "the

defendant is present in the county . . . and the defendant's presence has been made known to the court on the record". CrR 3.3(d)(2).[2] Thus, the issue is whether Hackett was "present" in Snohomish County and whether that fact was "made known to the court on the record".

Under *State v. Johnson*, 56 Wn. App. 333, 335-36, 783 P.2d 623 (1989), the mere filing of a return on a bench warrant does not constitute making a defendant's presence known to the court on the record. Whether the service and filing of a notice of appearance satisfies the rule, however, is a question of first impression. For the reasons discussed below, we hold that such a notice of appearance does fulfill the requirements of the rule. Thus, the applicable 90-day speedy trial period expired 4 months before the matter was brought before the court on defendant's motion to dismiss.

The State argues that under *State v. Johnson, supra,* only a physical appearance before a judge can satisfy the requirement of CrR 3.3(d)(2) that the presence of the defendant in the county be "made known to the court on the record". *Johnson* did not address the significance of a notice of appearance, however, and does not stand for such an extreme proposition. The holding in *Johnson* is simply that the filing of a return on a bench warrant alone does not trigger recommencement of the speedy trial period under CrR 3.3(d)(2). Indeed, the opinion in *Johnson* carefully noted that "[a]t no time . . . did Johnson *or his attorney* contact the court or the prosecutor in person or by mail to inform them of his whereabouts and readiness to proceed." (Italics ours.) *Johnson*, 56 Wn. App. at 334-35.

---

[2]CrR 3.3(d)(2) provides:

"When a defendant who has already been arraigned fails to appear for any trial or pretrial proceeding at which the defendant's presence is required pursuant to rule 3.4, the defendant shall be brought to trial not later than 60 days after the date upon which the defendant is present in the county where the criminal charge is pending and the defendant's presence has been made known to the court on the record, if the defendant is thereafter detained in jail or not later than 90 days after such date if the defendant is not detained in jail whether or not the defendant is thereafter subjected to conditions of release."

This provision was added when CrR 3.3 was revised in 1980. 93 Wn.2d 1122, 1127 (effective Aug. 1, 1980).

Regarding the effect of counsel's service and filing of a notice of appearance, we may take some guidance from the civil rules and common law. A defendant appears in an action when he answers, makes any application for an order therein, or gives the plaintiff written notice of his appearance. RCW 4.28.210. A defendant who voluntarily appears submits himself to the jurisdiction of the court, *Case v. Bellingham*, 31 Wn.2d 374, 383, 197 P.2d 105 (1948), unless he elects to challenge personal jurisdiction by means of a CR 12(b) motion, in his responsive pleading or in a permitted amendment thereto. *See* CR 4(d)(5); CR 12(h)(1). When an attorney makes a formal appearance for a defendant, it is the defendant who appears, and not the attorney. *Tiffin v. Hendricks*, 44 Wn.2d 837, 843, 271 P.2d 683 (1954). *See generally* RCW 4.28.020, .210.

■ We conclude, therefore, that the filing of a written appearance and service thereof on the plaintiff is the legal equivalent of being "present" in court. It makes a defendant's presence known to the court "on the record" and advises the court and the plaintiff that the defendant is prepared to proceed. Thus, the speedy trial period under CrR 3.3(d)(2) commenced upon the service and filing of this defendant's notice of appearance. The obligation for any further action in the case was upon the State.

A strict speedy trial rule helps to preserve a defendant's constitutional rights and the integrity of judicial process by avoiding inordinate delay between the filing of an information and trial. The rule applies even though the delay may have been inadvertent and resulted in no prejudice to the defense. *State v. Striker*, 87 Wn.2d 870, 875-77, 557 P.2d 847 (1976). Where the provisions of CrR 3.3 are not followed, dismissal is appropriate. *State v. Adamski*, 111 Wn.2d 574, 582, 761 P.2d 621 (1988).

The prosecutor had actual notice of Hackett's readiness to proceed. The court had formal notice by virtue of the filing of the notice of appearance. It was not thereafter defendant's duty to bring himself to trial. *See State v. Carpenter*, 94 Wn.2d 690, 694, 619 P.2d 697 (1980). It was

rather the State's obligation to create an opportunity for Hackett to physically appear in court by rescheduling his arraignment. Since the State failed to do so, creating an inordinate delay after the filing of the information, the charges must be dismissed.

KENNEDY, J., concurs.

SCHOLFIELD, J. (dissenting) — I respectfully dissent. The majority opinion reaches a result which may be practical, but does not follow the law. The critical factor in CrR 3.3(d)(2) is the time when "the defendant's presence has been made known to the court on the record".

The majority opinion holds that filing a notice of an appearance by an attorney with the clerk of the court and serving a copy on the prosecutor's office meets the requirement of the rule that the defendant's presence be made known to the court on the record.

The majority opinion does not explain how a judge of the Snohomish County Superior Court gains knowledge that the notice of appearance has been filed. The opinion appears to take some comfort in the fact that a copy of the notice of the appearance was served on the prosecutor's office. However, there is no agency relationship between the prosecutor and the superior court. Thus, there is no basis on which we can say that knowledge of the prosecutor is somehow imputed to the court. Knowledge of the notice of appearance by a judge appears to be important in light of the discussion in *State v. Johnson*, 56 Wn. App. 333, 783 P.2d 623 (1989), which holds that the requirement of "known to the court" means actual notice to a judge of that court. The *Johnson* court stated at page 337:

> The trial judge is responsible to insure a trial within the time limit set by the rules. CrR 3.3(a). The purpose of CrR 3.3(d)(2) is to insure that the judge has the information to

discharge that responsibility. It insures that the trial judge is entitled to actually know when the defendant is available, and is entitled to have the knowledge "on the record", so the matter [cannot] come into controversy later on.

The *Johnson* court, referring to CrR 3.3(d)(2), stated, "In the context of this rule, made known to the court means made known to the judge, not to a court file." *Johnson*, at 338.

The citation of cases relating to the effect of the service and filing of a notice of appearance in civil cases does not support the result reached by the majority opinion. CrR 3.3(d)(2) is a criminal rule dealing with a specific problem. It makes no mention of a notice of appearance. The issue here is compliance with a specific requirement of a criminal rule. The effect of a notice of appearance in a civil case is irrelevant to the issue of when the presence of an absconding defendant is made known to the court on the record.

The service and filing of a notice of appearance did not meet the requirement of CrR 3.3(d)(2) and did not have the effect of commencing a new 60/90-day period under the rule. The motion to dismiss should not have been granted. I would reverse and remand for trial.

After modification, further reconsideration denied March 5, 1992.

Review granted at 119 Wn.2d 1013 (1992).