[No. 59167-9.   En Banc.   September 2, 1993.]

THE STATE OF WASHINGTON, *Petitioner*, v. RANDAL S. HACKETT, *Respondent*.

*Seth R. Dawson, Prosecuting Attorney,* and *Seth Aaron Fine, Deputy,* for petitioner.

*Anthony Savage,* for respondent.

ANDERSEN, C.J. —

## FACTS OF CASE

In this case, the State seeks review of a decision dismissing criminal charges against a defendant based upon what the defendant argued was a violation of the speedy trial rule, CrR 3.3.

The facts are not disputed. On August 11, 1988, the defendant, Randal S. Hackett, was charged in Snohomish County with the crime of attempting to elude a pursuing police vehicle. The affidavit of probable cause states that the defendant attempted to elude a marked patrol vehicle by driving through an apartment complex parking area at 70 miles per hour.

The defendant was arraigned on August 23, 1988, and he signed a notice informing him that a criminal trial confirmation hearing was set for November 10, 1988, and his trial was set for November 15, 1988.

On October 27, 1988, the State filed an amended information adding the charge of "driving while driver's license suspended or revoked". Notice of arraignment on the amended information, scheduled for October 31, 1988, was sent to the defendant's attorney. Neither defendant nor his attorney appeared at the October 31 arraignment and the court authorized issuance of a bench warrant. The warrant was not issued at that time but instead the defendant was mailed a summons notifying him of a new arraignment date of November 10, 1988. Notice of the revised arraignment date was also sent to defense counsel. The defendant again failed to appear at the rescheduled arraignment and a bench warrant for his arrest was subsequently issued.

On September 19, 1989, the defendant was arrested in Snohomish County by the Lynnwood Police Department and transported to King County where there was also an outstanding warrant for his arrest on another charge. The defendant posted bail on the Snohomish County warrant in King County. A return on the bench warrant was filed in the Snohomish County Clerk's office on October 2, 1989, but there is no evidence to indicate any notice was provided to either the Snohomish County Prosecuting Attorney or to the court at that time.

On October 18, 1989, new defense counsel filed a notice of appearance with the Clerk of Snohomish County and served a copy on the prosecuting attorney's office. The notice stated:

> YOU, AND EACH OF YOU, will please take notice that the defendant, RANDALL [sic] S. HACKETT, hereby makes and enters his appearance in the above-entitled matter by and through his [named attorney].
> All further papers and proceedings in this matter may be served upon the defendant by leaving a copy of the same with his attorney at [the attorney's address in Seattle].

Nothing further occurred in the case until 7 months later when Hackett's counsel filed a motion to dismiss for failure to comply with the speedy trial rule, CrR 3.3. The trial court granted the motion to dismiss with prejudice after concluding that the filing and service of the general notice of appearance by the defendant's attorney commenced the speedy trial rule period under CrR 3.3.

A panel of the Court of Appeals affirmed the dismissal with one member dissenting. The State's petition to this court seeking review was granted.

One basic issue is presented.

## ISSUE

When the defendant in a criminal case fails to appear for a required proceeding, does defense counsel's subsequent notice of appearance satisfy the requirement of Superior Court Criminal Rule 3.3(d)(2) that a defendant be present in the county and that such presence be made known to the

court on the record, so as to restart the running of the speedy trial rule time period?

## DECISION

CONCLUSION. The service and filing of defense counsel's written notice of appearance for an absconded defendant, particularly when it makes no representation concerning the whereabouts of the defendant, does not meet the requirements of CrR 3.3(d)(2) and therefore does not commence the running of a new speedy trial rule time period.

As the Court of Appeals correctly observed, a defendant's failure to appear for a required court proceeding stops the speedy trial rule clock set in motion by CrR 3.3(c)(1).[1] The speedy trial time period does not begin to run again until the defendant is present in the county where the criminal charge is pending and the defendant's presence has been made known to the court on the record.[2]

■ As an initial matter, it is important to understand the context of this part of the speedy trial rule, CrR 3.3(d)(2). When this part of the speedy trial rule applies, the accused has been arraigned and has *failed to appear* for a required court proceeding. The importance of this is that in this situation it is *the defendant's* responsibility to make his or her presence known to the court in order to restart the speedy trial rule clock.[3] With this in mind, we turn to CrR 3.3 itself to see what the absconded defendant has to do in order to restart the speedy trial rule time period.

In this regard, CrR 3.3(d)(2) provides:

> When a defendant who has already been arraigned fails to appear for any trial or pretrial proceeding at which the defendant's presence is required pursuant to rule 3.4, the defendant shall be brought to trial not later than 60 days *after the date upon which the defendant is present in the county*

[1] *State v. Hackett*, 64 Wn. App. 205, 207, 822 P.2d 323, *review granted*, 119 Wn.2d 1013 (1992); CrR 3.3(d)(2).

[2] CrR 3.3(d)(2).

[3] *State v. Newkirk*, 122 Wn.2d 174, 178-79, 857 P.2d 1030 (1993); *State v. Johnson*, 56 Wn. App. 333, 338, 783 P.2d 623 (1989).

*where the criminal charge is pending and the defendant's presence has been made known to the court on the record,* if the defendant is thereafter detained in jail or not later than 90 days after such date if the defendant is not detained in jail whether or not the defendant is thereafter subjected to conditions of release.

(Italics ours.)

■ After properly recognizing that a return on a bench warrant is not sufficient to constitute notice to the court,[4] the Court of Appeals incorrectly concluded that a written notice of appearance, filed with the clerk and served on the prosecuting attorney's office, is sufficient under the rule to restart the speedy trial rule time period. In order to determine whether defense counsel's notice of appearance made the defendant's presence in the county known to the court, the Court of Appeals looked to the civil rules of procedure. The court relied on civil cases construing civil rules and concluded that "[w]hen an attorney makes a formal appearance for a defendant, it is the defendant who appears, and not the attorney."[5] Such an analysis, however, fails to recognize that the civil rules by their terms apply only to civil cases.[6] While the civil rules can be instructive in matters of procedure on which the criminal rules are silent,[7] CrR 3.3 is not silent on what is required of the defendant in a criminal case in order to restart the time periods after a defendant has failed to appear. In fact, CrR 3.3 states clearly: (1) what needs to be told; (2) to whom it needs to be told; and (3) how it needs to be told. What needs to be told is that the defendant is present in the county. Who it needs to be told to is the judge. How it needs to be told is "on the record".

The first inquiry then is whether the defendant was present in Snohomish County. The defendant relies upon

---

[4]*Hackett,* 64 Wn. App. at 208; *Johnson,* 56 Wn. App. at 335-36.

[5]*Hackett,* 64 Wn. App. at 209.

[6]*State v. Pawlyk,* 115 Wn.2d 457, 476, 800 P.2d 338 (1990); *State v. Gonzalez,* 110 Wn.2d 738, 744, 757 P.2d 925 (1988).

[7]*Gonzalez,* 110 Wn.2d at 744.

the fact that he was arrested in Snohomish County on September 19, 1989, before he was transported to King County, where he posted bail. However, when his attorney entered the written notice of appearance on the Snohomish County charge on October 18, 1989, he did not indicate his client was present in Snohomish County. There was nothing in that notice about the defendant's then whereabouts. The fact that the defendant had been arrested a month earlier in Snohomish County did not make the defendant's "presence in the county" known to the court at the time his attorney filed a notice of appearance. An unchallenged finding of fact by the trial court states: "[t]he defendant has never made a physical appearance before this Court nor has any evidence been provided that he has ever been physically present in Snohomish County, Washington, subsequent to bailing out from jail".[8] We conclude that the first requirement of the rule is not satisfied here since there was no indication to the court that the defendant was "present" in Snohomish County at the time his attorney filed the notice of appearance.

The second requirement of CrR 3.3(d)(2) is that the defendant's presence be made known "to the court". It is important to realize that under CrR 3.3, it is initially the responsibility of the court to ensure that an accused's trial date is scheduled within the time limits set out in that rule. CrR 3.3(a) states "[i]t shall be the responsibility of the court to ensure a trial in accordance with this rule to each person charged with having committed a crime." In our recent opinion in *State v. Newkirk*, 122 Wn.2d 174, 857 P.2d 1030 (1993), we point out that "[t]he trial judge is responsible to insure a trial within the time limit set by the rules. CrR 3.3(a)".[9] Likewise, CrR 3.3(d)(2) requires a defendant to make his or her presence known *to the court* so that the court may comply with its duty under the speedy trial rule.

---

[8]Finding of fact 6, Clerk's Papers, at 4.

[9]*Newkirk*, at 179, quoting *State v. Johnson*, 56 Wn. App. at 337.

■ The Court of Appeals in this case concluded that the prosecuting attorney had actual notice of the defendant's readiness to proceed and that the court had "formal notice" by virtue of the filing of the notice of appearance with the clerk. We do not agree that such a "formal notice" suffices to meet the requirements of the rule. It is the responsibility of the court, and not the prosecuting attorney, to reset the defendant's trial and the rule mandates that the presence of the accused be made known to the court on the record. A piece of paper filed in the court clerk's office will find its way to the file, not to the judge. As Judge Scholfield's dissent in the Court of Appeals cogently points out:

> The majority opinion does not explain how a judge of the Snohomish County Superior Court gains knowledge that the notice of appearance has been filed. The opinion appears to take some comfort in the fact that a copy of the notice of the appearance was served on the prosecutor's office. However, there is no agency relationship between the prosecutor and the superior court. Thus, there is no basis on which we can say that knowledge of the prosecutor is somehow imputed to the court.

*State v. Hackett*, 64 Wn. App. 205, 210, 822 P.2d 323 (Scholfield, J., dissenting), *review granted*, 119 Wn.2d 1013 (1992). In point is *State v. Johnson*, 56 Wn. App. 333, 337, 783 P.2d 623 (1989), where the Court of Appeals correctly explained:

> The trial judge is responsible to insure a trial within the time limit set by the rules. CrR 3.3(a). The purpose of CrR 3.3(d)(2) is to insure that the judge has the information to discharge that responsibility. It insures that the trial judge is entitled to actually know when the defendant is available, and is entitled to have the knowledge "on the record", so the matter [cannot] come into controversy later on.

The *Johnson* court concluded that in the context of this rule, made known to the court means made known to the judge, not to a court file.[10] This conclusion is congruent with the use of the word "court" in the rest of the speedy trial rule.

Throughout the rule the drafters refer to various responsibilities of or actions by the "court" and the meaning can

---

[10]*State v. Johnson*, 56 Wn. App. 333, 338, 783 P.2d 623 (1989).

only be that the actions are by a person, *i.e.*, the judge. By way of examples: CrR 3.3(a) provides that it is the responsibility of the court; CrR 3.3(d)(1) provides that a defendant's release is revoked by order of the court; CrR 3.3(d)(3) provides that if the court orders a mistrial, the defendant shall be brought to trial after oral order of the court and that if the court orders a new trial, the defendant shall be brought to trial after entry of the written order of the court; CrR 3.3(d)(8) provides that the court may extend the time and that the court must state on the record or in writing; CrR 3.3(e) provides that if the court rules that the objection is correct, it shall establish and announce the proper date; CrR 3.3(f) provides that the court shall set a date for trial; CrR 3.3(f)(2) provides that when the court determines that the date should be reset, the court shall set a new date for trial and a party that objects must move the court to set a date; and CrR 3.3(g)(1) states that the court should enter a written order. Since it is the responsibility of the judge to ensure a new trial date within the provisions of the rule, we cannot perceive how a notice to a court file is going to give the judge notice that an absconded defendant has returned and is ready to proceed.

■ ■ The third requirement of CrR 3.3(d)(2), that the fact of defendant's presence be "on the record", is the only one of the three requirements that was possibly satisfied in this case. Even that is questionable given the way that phrase is used in other parts of CrR 3.3. In CrR 3.3(d)(8), discussing extensions of time, the rule states that if the court extends the time for trial, then the court must state "on the record" or in writing the reasons for the extension. In CrR 3.3(h)(1), the rule provides that agreed continuances shall be effective when approved by the court "on the record" or put in writing. These, of course, do not direct that something be filed with the clerk. The term "on the record" has a term of art meaning familiar to lawyers. "On the record" does not mean the same as "of record". When the rule provides that something be filed in the superior court,

the rule clearly so states.[11] We conclude that the requirement of the rule that the defendant's presence be made known to the court on the record means tell it to the judge and tell it in a way that puts it on the record. As we recently explained in *Newkirk*, at 179, the time period of CrR 3.3 can be recommenced by defense counsel representing to the judge that the defendant is present in the county under circumstances where it is recorded by a court reporter or by the clerk in the minutes. In this case, had the defense attorney presented the notice of appearance to the judge on the record, and had the notice represented to the judge that the defendant was then present in the county where the charge was pending, then such a notice would have sufficed to restart the speedy trial rule clock. However, such a notice which is merely filed with the court clerk and served on the prosecuting attorney's office, especially since it contained no representation whatsoever as to the whereabouts of the defendant, did not fulfill the requirements of CrR 3.3(d)(2) that the defendant's presence must be made known to the court on the record.

Reversed and remanded to the trial court.

UTTER, BRACHTENBACH, DOLLIVER, DURHAM, SMITH, GUY, and JOHNSON, JJ., concur.

---

[11]*See* CrR 3.3(c)(1); 3.3(c)(2)(i); 3.3(c)(2)(ii); 3.3(c)(3).