[No. 59203-9. En Banc. September 2, 1993.]

THE STATE OF WASHINGTON, *Petitioner*, v. JAMES DAVID NEWKIRK, *Respondent*.

---

[11]*See* CrR 3.3(c)(1); 3.3(c)(2)(i); 3.3(c)(2)(ii); 3.3(c)(3).

Norm Maleng, Prosecuting Attorney, Theresa Fricke, Senior Prosecuting Attorney, and Carol Spoor, Deputy, for petitioner.

Irene Tanabe of Washington Appellate Defender Association, for respondent.

ANDERSEN, C.J. —

FACTS OF CASE

The Court of Appeals reversed the defendant's conviction of robbery in the second degree and, based on our speedy trial rule (CrR 3.3(d)(2)), dismissed the charges against him. We granted the State's petition for review, reverse the Court of Appeals and reinstate the conviction.

On December 8, 1988, the defendant in this case, James David Newkirk, was charged with the crime of robbery in the second degree. He was arraigned on December 12, 1988. Trial was originally set for March 1989, but was rescheduled, with the defendant's agreement, for May 4, 1989. According to his counsel, some continuances were granted at the defendant's request because of the possibility of a psychological evaluation.

When the defendant failed to appear on the day of his trial, a bench warrant was issued for his arrest.

On May 5, 1989, defendant's counsel appeared before the court and requested that the bench warrant for defendant's arrest be quashed. Following is the entire transcript of that hearing:

THE COURT: Motion to Quash a Bench Warrant.

DEFENSE ATTORNEY: That's correct, your honor. Mr. Newkirk was on the trial calendar yesterday. He did not appear in the morning. It was held until 1:15. He apparently was on his way here at that point and his car broke down and he could not get here. He did call the courtroom yesterday to let people know.

We'd ask that the Order Quashing the Bench Warrant on that be stricken. I guess I should step back in the office and get a new trial date.

THE COURT: Hand it up. I'll sign it.

Nothing in the written transcript, the clerk's minutes, the motion or the court's order indicates that the defendant was present in the courtroom, or in the county, on May 5, 1989. Several months later, in September of 1989, at the hearing on the defendant's motion for dismissal, defense counsel told the court that the defendant had been present in court on May 5 although it was not reflected on the record. Counsel

could not remember for sure whether the deputy prosecuting attorney assigned to the case was in court at the time the warrant was quashed. The prosecuting attorney did not recall being present, and nothing in the record indicates that a deputy prosecutor was present. There is no indication or claim that the motion to quash the bench warrant was ever served on the State.

Defense counsel states that the defendant appeared at a hearing regarding bail bond forfeiture on May 18, 1989, but nothing in the written record indicates his presence. Counsel also states that the defendant came to court on May 26, 1989, but the case was not on the calendar that day.

No new trial date was set after the defendant failed to appear on the May 4, 1989, trial date or after the warrant was quashed on May 5, 1989. On August 14, 1989, defense counsel moved for dismissal of the robbery charge based upon violation of the speedy trial rule, CrR 3.3(d)(2).

The superior court judge who heard defendant's motion to dismiss denied the motion because there was no indication in the record that the defendant's presence was made known to the court prior to September 25, 1989. Trial was ultimately commenced on December 20, 1989. The jury before which the defendant was tried found him guilty of robbery in the second degree and he appealed.

The Court of Appeals reversed the conviction and dismissed the charge concluding that the warrant quashing procedure was sufficient to satisfy the requirements of CrR 3.3(d)(2) so as to recommence the time limits of the speedy trial rule. *State v. Newkirk*, 64 Wn. App. 585, 590-91, 825 P.2d 745 (1992). The State petitioned this court to review that decision and we accepted review. We reverse the Court of Appeals and reinstate the conviction.

One issue is presented.

ISSUE

After a defendant has failed to appear for trial, is a mere request for an order quashing a bench warrant for defendant's arrest sufficient to show, on the record, that the defend-

ant is present in the county so as to recommence the running of the speedy trial period under Superior Court Criminal Rule 3.3(d)(2)?

## DECISION

CONCLUSION. A mere motion to quash a bench warrant made by defense counsel does not make a defendant's presence in the county known to the court on the record as required by the speedy trial rule, CrR 3.3(d)(2), so as to recommence the running of the time period prescribed by the rule.

The resolution of this case turns on the language of CrR 3.3(d)(2); it provides:

> *Failure To Appear.* When a defendant who has already been arraigned fails to appear for any trial or pretrial proceeding at which the defendant's presence is required pursuant to rule 3.4, the defendant shall be brought to trial not later than 60 days after the date upon which the defendant is *present in the county where the criminal charge is pending and the defendant's presence has been made known to the court on the record,* if the defendant is thereafter detained in jail or not later than 90 days after such date if the defendant is not detained in jail whether or not the defendant is thereafter subjected to conditions of release.

(Italics ours.)

Unquestionably the defendant's presence was required for his trial which was set for May 4, 1989. CrR 3.4. Thus, the issue becomes whether the defendant's presence was "made known to the court on the record" on May 5, 1989, as required by the rule, when the trial court ordered the arrest warrant quashed.

■■ The Court of Appeals held that it was "implicit" from the circumstances that the judge was satisfied the defendant was present and ready to proceed as otherwise there was no explanation as to why the court would quash the warrant. *Newkirk,* 64 Wn. App. at 590. We disagree. As the trial judge who presided at the hearing on the motion to dismiss noted, it is entirely possible for a trial court to quash an arrest warrant without being made aware of the defendant's current whereabouts. A defense counsel's mere

request to quash a warrant does not give notice to the court of the defendant's present availability for trial.

Once an accused is arraigned and fails to appear for a required court proceeding, the speedy trial clock stops running until the accused again makes his or her presence known to the court on the record. Such an absence does not create a fresh duty of diligence on the part of the State to go out and locate the missing defendant and bring the defendant back before the court at the risk of dismissal with prejudice. *State v. Johnson*, 56 Wn. App. 333, 338, 783 P.2d 623 (1989) (citing *State v. Allen*, 36 Wn. App. 582, 585, 676 P.2d 501 (1983)).

Once a defendant fails to appear as required, it becomes his or her affirmative obligation under CrR 3.3(d)(2) to make the requisite showing on the record and the speedy trial time period does not begin to run again until that showing is made.

As *Johnson*, 56 Wn. App. at 337, explains:

> The trial judge is responsible to insure a trial within the time limit set by the rules. CrR 3.3(a). The purpose of CrR 3.3(d)(2) is to insure that the judge has the information to discharge that responsibility. It insures that the trial judge is entitled to actually know when the defendant is available, and *is entitled to have the knowledge "on the record", so the matter can not come into controversy later on.*

(Italics ours.)

As King County Superior Court Judge Agid explained when she denied the defendant's motion to dismiss, the rule's requirement that defendant's presence be shown "on the record" is necessary so that there is an objective means to determine whether or not the defendant is available so that a court does not later have to resort to people's recollections of what happened or might have happened. The "on the record" requirement can be met in a number of ways. For example, defense counsel can represent to the court that the defendant is present in the county under circumstances where it is recorded by a court reporter or by the clerk in the minutes. However, a defense counsel's mere request for an order

quashing a warrant does not demonstrate the defendant's presence in the county on the record. Therefore, neither the request, nor the order itself, has the effect of commencing the running of a new 60/90-day period under the speedy trial rule.

In this case, the first date that defendant's presence in the county was made known on the record was September 25, 1989, when the motion for dismissal was made. Therefore, since defendant was not detained in jail and trial was commenced within 90 days of that date, the speedy trial rule was not violated.

The Court of Appeals is reversed and defendant's conviction is reinstated.

UTTER, BRACHTENBACH, DOLLIVER, DURHAM, SMITH, GUY, and JOHNSON, JJ., concur.