[Nos. 17197-3-III; 17198-1-III. Division Three. April 27, 1999.]

THE STATE OF WASHINGTON, *Appellant*, v. SPENCE LEE DASSOW, *Respondent*.

*James R. Sweetser, Prosecuting Attorney*, and *Kevin M. Korsmo, Deputy*, for appellant.

*Kari L. Reardon* and *John H. Whaley* of *Spokane Public Defender's Office*, for respondent.

KURTZ, J. — Spence Dassow, a juvenile, was charged with custodial assault, a felony, and the misdemeanor charges of obstructing a law enforcement officer, possession of marijuana, and driving without a valid driver's license. Because the trial was scheduled beyond the 30-day period designated in JuCR 7.8(b), Mr. Dassow filed a written objection with both the court and the State. The trial court considered this objection after the speedy trial period had expired and dismissed all charges against Mr. Dassow based

on the violation of his speedy trial rights. On appeal, the State contends Mr. Dassow's objection was ineffective under JuCR 7.8(c) because the objection was not in the form of a "motion" and was not set for hearing within the speedy trial period.

We conclude JuCR 7.8(c) required Mr. Dassow to object to the trial setting by "motion," and we further conclude Mr. Dassow complied with the rule when he filed and served a notice objecting to the trial date. Because Mr. Dassow's trial was set outside the speedy time period and because he filed a timely objection, the court did not err in dismissing the charges against him. The judgment of the superior court is affirmed.

## FACTS

Mr. Dassow was charged in juvenile court with custodial assault, a felony. In a separate information, Mr. Dassow was charged with the misdemeanor charges of obstructing a law enforcement officer, possession of marijuana, and driving without a valid driver's license. On September 24, 1997, Mr. Dassow was arraigned on the misdemeanor charges; a waiver of court arraignment was filed in the felony case a day later. Mr. Dassow was maintained "in custody" either at home on electronic monitoring or in the juvenile detention facility. The parties do not challenge the trial court's conclusion that the speedy trial period commenced on September 24, and that, pursuant to JuCR 7.8(b), Mr. Dassow had to be tried within 30 days.

On October 7, 1997, the court entered orders setting the adjudicatory hearings in both cases for November 5. On October 16, Mr. Dassow served the prosecutor's office with a document entitled "Objection To Trial Setting Pursuant To JuCR 7.8(b)." In his objection, Mr. Dassow stated he "objects to the date of the trial setting in the above-entitled cause on the grounds that the the [sic] trial setting is beyond the time required for a speedy trial." He further stated that as an in-custody defendant, he must be brought

to trial within 30 days and "must be brought to trial on, or before October 24, 1997."

The objection was filed with the Spokane County Clerk of Court and served upon the office of the Spokane County Prosecutor. The prosecutor working on the case told the court he had not received the objection. He further stated that he mistakenly believed that Mr. Dassow had been released from custody and that the speedy trial period was 60 days rather than 30 days. In response, defense counsel stated that she had placed a copy of the objection in the prosecutor's box. She also produced a copy of the objection bearing the stamp of the prosecutor's office.

On appeal, the State challenges the court's decision to dismiss the charges based on the violation of Mr. Dassow's speedy trial rights. The State contends that serving an objection with the prosecutor's office and placing a copy in the court file did not constitute filing a "motion" for purposes of JuCR 7.8(c).

## ANALYSIS

Did the court err in dismissing the charges against Mr. Dassow based on a violation of Mr. Dassow's speedy trial rights under JuCR 7.8(b)?

The State asserts Mr. Dassow waived his right to object to the trial date because he failed to file a timely objection as required by JuCR 7.8(c). The State contends the objection filed by Mr. Dassow was insufficient in two ways. First, the State contends Mr. Dassow failed to bring his objection to the attention of the court in the manner required under JuCR 7.8(c) because the objection was not filed in the form of a motion. Second, the State suggests JuCR 7.8(c) requires the objecting party to place his objection before the court by setting the matter for hearing within the speedy trial period. The State believes Mr. Dassow waived his objection to the trial setting because he did not set the objection for hearing on the motion docket. According to the State, Mr. Dassow's objection could not accomplish its

purpose because it was never properly put before the court for its consideration. Absent this information, the court was not given the opportunity to correct its mistake and Mr. Dassow waived the speedy trial rights granted under JuCR 7.8(b). In short, the State contends JuCR 7.8(c) imposes an obligation on the objecting party to (1) file a "motion," and (2) set the motion for hearing within the speedy trial period.

In addition, the State disagrees with the trial court's conclusion that the State, rather than the court, is charged with the duty to see that criminal cases are scheduled for trial within the speedy trial period. The State is decidedly unhappy with the reasoning behind the trial court's ruling. Relying on the language of JuCR 7.8(a), the State insists the trial court, not the prosecutor, had the responsibility to ensure that Mr. Dassow was brought to trial within the speedy trial period. The State views the decision of the trial court as a misguided attempt to delegate the authority to schedule trials from the court to the prosecutor's office.

 Resolution of the issue here is determined in part by the interpretation of JuCR 7.8(c). Court rules are interpreted by applying the principles of statutory construction. *State v. Greenwood*, 120 Wn.2d 585, 592, 845 P.2d 971 (1993). Court rules must be interpreted so that "no word, clause or sentence is superfluous, void or insignificant." *State v. Raper*, 47 Wn. App. 530, 536, 736 P.2d 680, *review denied*, 108 Wn.2d 1023 (1987). When a court rule is unambiguous, the language must be given its plain meaning. *State v. Bernhard*, 45 Wn. App. 590, 598, 726 P.2d 991 (1986), *review denied*, 107 Wn.2d 1023 (1987).

JuCR 7.8(c) provides:

> CrR 3.3(f) applies in juvenile court. The court shall notify the juvenile of the hearing date in accordance with CrR 3.3(f), and any party who objects to the hearing date must do so by motion within 10 days after the notice is mailed or otherwise given. The failure of a party to make a timely objection shall be a waiver of the objection to the hearing date.

While one sentence refers to a "motion," waiver is ac-

complished by failure to make a "timely objection." Because JuCR 7.8(c) incorporates CrR 3.3(f), we must also examine the language in that provision related to waiver. CrR 3.3(f)(1) and (2) provide that the objecting party must "move that the court set a trial" within the speedy trial period and that waiver is established when a party fails "to make such a motion." The State asks that we also consider the language of CrRLJ 3.3(f)(1) which reads: "Such motion shall be promptly noted for hearing by the moving party in accordance with local procedures."

■ We must first determine what actions are required of the objecting party in order to circumvent the waiver provision of JuCR 7.8(c). Although JuCR 7.8(c) required Mr. Dassow to object to the hearing date by filing a motion within 10 days after receiving notice of the trial setting, he responded by filing, with both the court and the prosecutor, a document entitled "Objection To Trial Setting Pursuant To JuCR 7.8(b)." Mr. Dassow made no attempt to place the matter on the motion docket.

The State contends Mr. Dassow's objection was improper because it was not in the form of a motion and was never brought to the court's attention. Under the State's view, an objecting party must file a motion and set the motion for hearing to escape the effect of the waiver provision of JuCR 7.8(c). Mr. Dassow suggests the two sentences of JuCR 7.8(c) must be read as separate mandates. While one sentence requires the objecting party to object by motion, the waiver provision operates only when the objecting party fails to "make a timely objection." In other words, under Mr. Dassow's reading of JuCR 7.8(c), any "timely objection" prevents waiver of speedy trial rights.

Mr. Dassow is mistaken to the extent he implies that the two sentences of JuCR 7.8(c) should be read as separate mandates. The unambiguous language of the rule requires that a party must object "by motion." The term "timely objection" in the waiver provision does not contradict, augment, or diminish the requirement of a motion in the preceding sentence. Reading the provision as a whole, and giv-

ing each word its ordinary meaning, it is clear that the objecting party must object by filing a motion, that the motion must be timely, and that failure to file a motion in a timely manner will result in the waiver of the right to object. Contrary to Mr. Dassow's assertions, nothing in JuCR 7.8(c) permits us to examine local practice traditions to create ambiguity or define speedy trial rights.

The State, however, is also mistaken. There is no language in JuCR 7.8(c) imposing a requirement that the motion filed by the objecting party must also be set for hearing within the speedy trial period. We cannot read ambiguity into a juvenile court rule that is unambiguous on its face. Indeed, the absence of a requirement similar to that found in CrRLJ 3.3(f) implies an intent to the contrary.

The two cases relied upon by the State, *State v. Hackett*, 122 Wn.2d 165, 857 P.2d 1026 (1993), and *State v. Newkirk*, 122 Wn.2d 174, 857 P.2d 1030 (1993), are also not helpful. In each of these cases, the court applied CrR 3.3(d)(2) to determine whether the speedy trial clock stopped because the defendant failed to appear for a required court proceeding and may not have been "present in the county" for purposes of restarting the speedy trial clock. Because the applicable rule required the defendant's actual presence in the county and that the defendant's presence be known to the court "on the record," the courts in *Hackett* and *Newkirk* necessarily focused their inquiry on the defendant's whereabouts and whether the defendant had actually appeared in open court. This inquiry as to a defendant's whereabouts during court proceedings, while appropriate under CrR 3.3(d)(2), is not relevant to the question here.

■ Because we conclude JuCR 7.8(c) required Mr. Dassow to object to the trial setting by "motion," we next consider the dispositive issue, whether the objection filed by Mr. Dassow constituted a motion for purposes of JuCR 7.8(c). In other words, did Mr. Dassow comply with JuCR 7.8(c) when he filed and served a notice objecting to the trial date?

In *City of Kennewick v. Vandergriff*, 109 Wn.2d 99, 743 P.2d 811 (1987), the court considered whether a letter to a court clerk fulfilled the requirement of a "motion" under former JCrR 3.08(f)(2).[1] Concluding the sufficiency of a motion is determined by its content rather than its technical format or language, the court examined the letter to determine whether it stated the relief requested with the requisite particularity. *Id.* at 100-02. The *Vandergriff* court determined the letter was sufficiently explicit to constitute a motion because it mentioned the case, the file number, and contained a specific reference to the justice court rule at issue. *Id.* at 102. Even though the letter did not contain the word "motion," and did not ask for any specific relief, the court concluded the letter made it "abundantly clear" that the relief requested was an earlier trial date. *Id.* Although the *Vandergriff* court determined the letter constituted a motion for purposes of the rule, the court went on to conclude that the objection to the trial date was invalid because the defendant failed to give notice of his objection to the State.

Here, Mr. Dassow served and filed his objection with both the court and the State. The objection contained the case name, relevant case numbers, and set forth with particularity the relief requested. Specifically, the document referred to JuCR 7.8(b) and informed the trial court of the objection to the trial date, the arraignment date, the applicable 30-day speedy trial period, and that "the defendant must be brought to trial on, or before October 24, 1997." Mr. Dassow complied with JuCR 7.8(c) by filing this document with the court and the State.

Mr. Dassow's trial was set outside the speedy trial period and he filed a timely objection. The court did not err in dismissing the charges against him.

Affirmed.

---

[1]Former JCrR 3.08(f)(2) required the objecting party to "move that the court set a trial date" within the speedy trial period. Under former JCrR 3.08(f)(2), failure to make such a motion constituted a waiver of the provision of the speedy trial rule.

462

Schultheis, C.J., and Sweeney, J., concur.

Review denied at 138 Wn.2d 1024 (1999).