[No. 19586-4-III.   Division Three.   November 1, 2001.]

THE STATE OF WASHINGTON, *Respondent*, v. CHAD DENNIS HILDERBRANDT, *Appellant*.

---

*Philip E. Nino*, for appellant.

*Steven J. Tucker, Prosecuting Attorney*, and *Andrew J. Metts III, Deputy*, for respondent.

KATO, J. — Did the State violate Chad D. Hilderbrandt's CrR 3.3 right to a speedy trial? According to Mr. Hilderbrandt, the State did not act with due diligence to arrest and arraign him in a timely fashion on a district court complaint that charged him with vehicular assault. The superior court disagreed, denied Mr. Hilderbrandt's motion to dismiss, and convicted him of the charge on stipulated facts. We affirm.

When the State files an information in superior court after it has initiated a criminal proceeding against the defendant in district court and the defendant is detained in jail or subjected to conditions of release, the court must arraign the defendant within 14 days of the date the information was filed. And the court must try the defendant (if the defendant is released pending trial) within 90 days of arraignment, *less the time elapsed in district court.* CrR 3.3(c)(2).[1] Here, the State filed a complaint in Spokane County District Court charging Chad D. Hilderbrandt with vehicular assault, but it did not arrest him on that charge until two months later. He was not arraigned in superior court until after the date that he asserts was the outside date for trial on the charge.

The complaint that the State filed in district court on December 14, 1999 charged Mr. Hilderbrandt with vehicular assault, based upon injuries other persons suffered in an

---

[1] CrR 3.3(c)(2) provides, in pertinent part, as follows:

*Cases Filed Initially in District Court.*

(i) ... If after proceedings have been initiated in district court an information ... is filed with the superior court, and if at the time the information ... is filed the defendant is not detained in jail ... , the defendant shall be arraigned not later than 14 days after the date of that appearance in superior court which next follows the filing of the information .... A defendant released from jail ... shall be brought to trial not later than 90 days after the date of arraignment, *less time elapsed in district court.*

(Emphasis added.)

accident in 1997 involving two vehicles. Mr. Hilderbrandt was driving one of the vehicles and allegedly was under the influence of alcohol at the time.

On the same date that the State filed the complaint, the court issued a warrant for Mr. Hilderbrandt's arrest. However, Mr. Hilderbrandt was not arrested until February 12, 2000. The Stevens County Sheriff made the arrest and also arrested Mr. Hilderbrandt on two other charges—for a probation violation on a 1998 conviction in Stevens County and for resisting arrest. Stevens County held Mr. Hilderbrandt on the warrants for vehicular assault and the probation violation before filing an information against him on February 18, 2000 for resisting arrest. Mr. Hilderbrandt signed a probation violation hearing order on February 25, which found that he had violated his probation and ordered him to serve 90 days in the Stevens County Jail. His arraignment on the charge of resisting arrest took place on February 28. Mr. Hilderbrandt pleaded guilty to that charge on March 6.

On March 28, the State filed an information in Spokane County Superior Court charging Mr. Hilderbrandt with vehicular assault. On April 6, the court entered an order continuing his arraignment date to April 12. On April 12, the court noted on its "Scheduling Order Setting Trial" that Mr. Hilderbrandt "objects to date of arraignment to pre-serve Rights under Speedy Trial." Clerk's Papers (CP) at 19. A handwritten insert on another part of this form order states, "object to arraignment date pursuant to State v. Greenwood;"[2] i.e., the State did not exercise good faith and due diligence in its efforts to locate him and bring him to trial in a timely fashion. CP at 19.

In summary, the material dates here, for CrR 3.3 purposes, are as follows:

*December 14, 1999.* Spokane County Prosecutor files complaint in district court charging Mr. Hilderbrandt with vehicular assault.

---

[2] *State v. Greenwood,* 120 Wn.2d 585, 845 P.2d 971 (1993).

*December 28, 1999*. Mr. Hilderbrandt's constructive date of arraignment on district court complaint.

*February 12, 2000*. Mr. Hilderbrandt arrested in Stevens County.

*February 18, 2000*. Stevens County Prosecutor files information charging Mr. Hilderbrandt with resisting arrest.

*February 25, 2000*. Court signs order that finds Mr. Hilderbrandt committed probation violation.

*February 28, 2000*. Mr. Hilderbrandt arraigned in Stevens County on resisting arrest charge.

*March 6, 2000*. Mr. Hilderbrandt pleads guilty to resisting arrest.

*March 28, 2000*. Spokane County Prosecutor files information in superior court charging Mr. Hilderbrandt with vehicular assault.

*April 6, 2000*. Court continues arraignment to April 12, 2000.

*April 12, 2000*. Mr. Hilderbrandt objects to date of arraignment based upon CrR 3.3.

Mr. Hilderbrandt filed an "Objection to Trial Setting pursuant to CrR 3.3(f)" on April 20, 2000 and a "Motion to Dismiss for Speedy Trial Violation" on May 25, 2000. CP at 20, 28. He alleged that the time for trial under CrR 3.3 had already passed. Mr. Hilderbrandt offered the following argument:

> According to CrR 3.3(c), a criminal defendant not held in custody . . . must be brought to trial within 90 days of the constructive date of arraignment. The constructive date of arraignment in this case is December 28, 1999 [14 days after the filing of the district court complaint]. Therefore, Mr. Hilderbrandt must have been brought to trial on or before March 27, 2000. Were this court to construe that speedy trial was tolled during the pendency of the Stevens' County case, then the time between the arraignment on that charge (February 28, 2000) and the finding of guilt (March 6, 2000) would give the state an additional week to bring Mr. Hilderbrandt to

trial. Under that scenario, Mr. Hilderbrandt should have been brought to trial no later than April 4, 2000.

CP at 21-22.

In support of his motion, Mr. Hilderbrandt filed his own affidavit, in which he set forth facts that he believed showed the police could have located him and served the arrest warrant before February 12, 2000 if they had acted diligently. He stated that his Washington driver's license listed his address as 367 Old Dominion Rd., Colville, WA 99166. He further asserted that his mother still lives at that address, although he has since turned 18 and moved from her house. She knows his new address and gives it to people who contact her at her home looking for Mr. Hilderbrandt. His mother filed an affidavit as well, in which she agreed with her son's assertions and stated that the police had not made any inquiries of her as to her son's whereabouts.

In response, the State filed the affidavit of Thomas Sahlberg, lead traffic investigator for the Spokane Police Department. He stated that he reviewed the police file on the vehicular assault charge, and it reflected that the Spokane Police Department contacted Stevens County law enforcement on December 29, 1999. Shortly thereafter, the department received a voice mail from Stevens County Sheriff Deputy Manke. He stated that he "checked out the address at 367 Old Dominion Rd. in Colville. . . . [T]he people who live there are HILDERBRANDT'S parents . . . . [H]e knows HILDERBRANDT is in the area, and will continue to look for him." CP at 74. Deputy Manke also stated that Mr. Hilderbrandt had an outstanding warrant out of Stevens County.

The Spokane Superior Court denied Mr. Hilderbrandt's motion to dismiss for violation of CrR 3.3. The court ruled, as follows: "[T]he Spokane Police Department did take an active part in trying to find Mr. Hilderbrandt within two weeks of the filing of the warrant." Report of Proceedings at 24. Given the information the Spokane Police Department had received from Stevens County, the court was of the opinion that the Department acted reasonably when it

waited a few weeks for Stevens County to locate Mr. Hilderbrandt.

■■■ The leading case in this area is *State v. Greenwood*, 120 Wn.2d 585, 845 P.2d 971 (1993). There, the court held that periods during which the State acted in good faith and with due diligence to bring the defendant before the court are excluded from the time period for trial. *Id.* at 600. It reasoned that " '[i]n view of the difficulty of locating people in modern urban society and the difficulty of proving that a defendant has been intentionally avoiding apprehension, [the lack of a good faith and due diligence standard] would place an impossible burden on law enforcement and result in the dismissal of numerous cases.' " *Id.* at 601 (alteration in original) (quoting *State v. Miffitt*, 56 Wn. App. 786, 792, 785 P.2d 850, *review denied*, 114 Wn.2d 1026 (1990)). Whether the State has acted in good faith and with due diligence "necessarily turns on the facts of each individual case." *Greenwood*, 120 Wn.2d at 601.

■■ Here, the address on Mr. Hilderbrandt's driver's license was that of his mother, in Stevens County, with whom he was living when the vehicular assault occurred. Therefore, the Spokane Police Department acted in good faith on December 29, 1999 when it called on the Stevens County Sheriff's Office to assist it in locating Mr. Hilderbrandt on this motor vehicle related charge. A Stevens County deputy told the Spokane Police Department that he had checked the Old Dominion address and that Mr. Hilderbrandt's parents lived there. And, he believed Mr. Hilderbrandt was in the Stevens County area still, and he would continue to look for him. In these circumstances, the Spokane Police Department was justified in giving Stevens County authorities some time to find Mr. Hilderbrandt. And, the six weeks that elapsed before the Stevens County Sheriff's Office arrested Mr. Hilderbrandt was a reasonable time for the Department to wait before it made further inquiry of Stevens County and/or redirected its efforts to locate him.

Mr. Hilderbrandt also attested to facts that he believes show that the Spokane Police Department should have known that he resided in Spokane County, not Stevens County. Specifically, he was arrested in Cheney, Washington, on August 21, 1999 on a fourth degree assault charge. The police listed his address on that charge as 6112 N. Rambo Rd., Airway Heights, WA 99001. The address was incorrect. It should have been listed as 6102 N. Rambo Rd., Spokane, WA 99224. He pleaded guilty to the charge on September 16, 1999. Mr. Hilderbrandt's "Cheney Probation Services" form contains the correct address. CP at 48.

In addition, Mr. Hilderbrandt was arrested in Spokane on August 12, 1999 on a municipal charge of driving while license suspended. That charge listed his correct address on Rambo Road. And, he appeared in Spokane County District Court on November 10 and December 18, 1999, and on January 12, 2000, on a driving under the influence charge brought by Spokane County. The court sent notices regarding that charge to his correct address.

■ Mr. Hilderbrandt would have this court impute knowledge of his Spokane County address to the State based upon the fact that he had appeared in Spokane County District Court on other charges around this time and had received notices from the district court at his correct address. He relies upon *State v. Day*, 46 Wn. App. 882, 734 P.2d 491 (1987). There, the court held that "[t]he personnel of the court, the prosecutor's office and the police or sheriff's office must be treated as one entity when determining if there was knowledge of the defendant's whereabouts." *Id.* at 894. In *Day*, a juvenile suspect returned to Yakima after an absence and contacted the detective in charge of his case. The court imputed the knowledge of the detective to the court for speedy trial purposes.

However, subsequent Supreme Court opinions limit the reach of *Day*'s holding. In *State v. Hackett*, 122 Wn.2d 165, 174, 857 P.2d 1026 (1993), the court concluded that "the

requirement of the rule that the defendant's presence be made known to the court on the record means tell it to the judge and tell it in a way that puts it on the record."[3] *See also State v. Newkirk*, 122 Wn.2d 174, 179, 857 P.2d 1030 (1993).

Here, Mr. Hilderbrandt did not update his driver's license to reflect his new address. The fact that court personnel had his correct address with respect to separate, unrelated charges, does not mean they had actual notice of his correct address for the vehicular assault charge. The courts handle thousands of cases each year. Mr. Hilderbrandt has not shown how court personnel in this case could efficiently identify other charges pending against him and compare addresses. We will not impute knowledge in these circumstances.

Affirmed.

SWEENEY, J., concurs.

SCHULTHEIS, J. (dissenting) — Chad Hilderbrandt was brought to trial more than 90 days after his constructive arraignment date in district court for vehicular assault. The majority opinion subtracts from the 90 days the time that elapsed between the Spokane Police Department's request of Stevens County authorities to locate Mr. Hilderbrandt, and the date of his arrest. I dissent because the record indicates that the State could have arrested Mr. Hilderbrandt much sooner if it had exercised good faith and due diligence. Specifically, the Spokane Police Department, the Spokane County Prosecutor's Office, and the Spokane County District Court had on file Mr. Hilderbrandt's correct Spokane address in connection with a different charge— driving while under the influence (DUI)—that was pending

---

[3] The court in *Hackett* was referring to CrR 3.3(d)(2), which provides that "[w]hen a defendant who has already been arraigned fails to appear for any trial or pretrial proceeding . . . the defendant shall be brought to trial not later than 60 days after the date upon which the defendant is present in the county where the criminal charge is pending and *the defendant's presence has been made known to the court on the record.*" (Emphasis added.)

at the same time as the vehicular assault charge.

Under CrR 3.3(c)(2), when the State initiates criminal proceedings in district court, it must bring the defendant to trial within either 60 or 90 days from the date of arraignment, depending upon the defendant's custody status. The time limitation is tolled, however, during periods in which the prosecutor is unable to secure the defendant's presence even though he or she has acted in good faith and with due diligence toward that end. *State v. Greenwood*, 120 Wn.2d 585, 600-01, 845 P.2d 971 (1993). Generally, due diligence requires only that the prosecutor make a reasonable effort to obtain the defendant's presence in court—a determination that necessarily turns on the facts of each case. *Id.* at 601.

Here, Mr. Hilderbrandt appeared in Spokane County District Court on the DUI charge on November 10, 1999; December 18, 1999; and January 12, 2000. The State filed the complaint charging Mr. Hilderbrandt with vehicular assault on December 14, 1999. It is undisputed that the court had Mr. Hilderbrandt's correct address on the DUI charge, because he received notices on that charge from the court. Yet the prosecutor asserts that neither his office, the police department, nor the court had available any method to crosscheck its records and thereby obtain Mr. Hilderbrandt's correct address from the contemporaneous DUI prosecution. The prosecutor therefore argues that the State acted with due diligence when it relied totally upon an address Mr. Hilderbrandt gave two years earlier, on the date of the alleged vehicular assault. Even with respect to the old address, the record does not indicate that any law enforcement authority made contact with Mr. Hilderbrandt's mother during this time, although she still lived there and knew Mr. Hilderbrandt's current address.

In my view, these facts do not evidence good faith and due diligence on the part of the State. Consequently, I would reverse Mr. Hilderbrandt's conviction for vehicular assault and dismiss that charge for violation of the speedy trial rule.

Review denied at 146 Wn.2d 1015 (2002).